to move for inspection of books after issue joined upon proper papers. The plaintiff's petition shows that he has sufficient information upon which to frame a complaint, and defendant has the right to answer and if necessary to try the main issue as to the existence and performance of the alleged contract before being subjected to the inspection of its private books and papers. Jenks, P. J., Thomas, Putnam, Kelly and Jaycox, JJ., concurred.

In the Matter of the Application of JAMES MORGAN SHEEN (New Jersey) for Admission to the Bar.— Application granted. Present — Jenks, P. J., Thomas, Mills, Putnam and Kelly, JJ.

In the Matter of the Application of JOHN F. VAIL (Connecticut) for Admission to the Bar.— Application granted. Present — Jenks, P. J., Thomas, Mills, Putnam and Kelly, JJ.

JOHN HEAVY, Respondent, v. THOMAS D. WATERBURY, Doing Business under the Trade Name of WATERBURY DENTAL PARLORS, Appellant.— Order affirmed, without costs. No opinion. Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ., concurred.

JOHN J. CREEM COMPANY, Appellant, v. THE CITY OF NEW YORK, Respondent.— The complaint should not have been dismissed as to the following matters: Item 1, relating to relaying foundations by reason of the insufficiency of the concrete for which the contract provided. Item 7, relating to the substitution of pumping for subdrains and the cost thereof limited to the cost to the defendant of the subdrains if used. Items 2A and 5A, relating to double pumping at Brooklyn Rapid Transit and Long Island railroad crossings on Van Sinderen avenue, as the suspension of work was necessitated by defendant's obligation to procure the right to proceed, whereupon pending the discharge of such duty the contractor was obliged to pump to save the sewer from harm. If the plaintiff for the exact days of suspension suffered damages by delay, it may recover them. The evidence was not sufficient to enable the jury to find damages for other delay of the work, nor is plaintiff entitled to recover damages for other delay so far as the present record discloses. The delay in certification by the chief engineer was not unreasonable, and, therefore, the interest demanded is not recoverable. Judgment and order reversed and new trial granted, costs to abide the event. Jenks, P. J., Thomas, Mills, Kelly and Jaycox, JJ., concurred.

EVA KESSLER, Respondent, v. AARON KESSLER, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Thomas, Rich, Blackmar and Jaycox, JJ., concurred; Jenks, P. J., voted to modify the order to an allowance of five dollars per week for the support of the issue of the marriage, and to deny counsel fee and alimony for the wife.

CLAUDE M. NANKIVEL, Respondent, v. GASTON, WILLIAMS & WIGMORE, INC., Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ., concurred.

CLAUDE M. NANKIVEL, Appellant, v. GASTON, WILLIAMS & WIGMORE, INC., Respondent.— Order affirmed, with ten dollars costs and disburse-